**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joel GARCIA–SALDIVAR,
Defendant–Appellant.**

**No. 03–20319
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

James Lee Turner, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, Tony Ray Roberts, US Attorney's Office, Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

Joel Garcia–Saldivar appeals his conviction of being found in the United States after having been previously removed following an aggravated-felony conviction. He argues (1) that his prior removal was invalid, and the district court's denial of his motion to dismiss the indictment was error and (2) that 8 U.S.C. § 1326(b)'s sentencing provisions are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that his arguments are foreclosed, and he seeks to preserve them for further review.

Garcia–Saldivar's argument that the failure to inform him of his eligibility to apply for relief under 8 U.S.C. § 1182(c) (INA § 212(c)) rendered the prior removal proceedings fundamentally unfair is without merit. *United States v. Lopez–Ortiz,* 313 F.3d 225 (5th Cir.2002), *cert. denied,* 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). Also without merit is his argument that 8 U.S.C. § 1326(b)(2) is unconstitutional in light of *Apprendi.* *See Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.